**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Justin Willis<br><br>                    Plaintiff,<br><br>          v.<br><br>Vericel Corporation<br><br>                    Defendant. | CIVIL ACTION NO. 5:23-cv-00044-XR |

**DEFENDANT VERICEL CORPORATION'S MOTION TO DISMISS PLAINTIFF'S PETITION UNDER RULES 12(b)(2), 12(b)(3) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE TO TRANSFER**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF RELEVANT FACTS ..........................................................5

III.  LEGAL STANDARD AND ARGUMENT ......................................................6

      A.    This Court Lacks Personal Jurisdiction over Defendant Vericel..........................6

      B.    Venue is Improper and Dismissal is Appropriate ...................................................7

      C.    The Court Should, Alternatively, Transfer under 28 U.S.C. §§
            1406(a) and 1404(a) For Convenience And In The Interest Of
            Justice..........................................................................................................9

            1.    Plaintiff Could Have Brought the Case in Massachusetts ......................10

            2.    The Private-Interest Factors Weigh In Favor Of Transfer......................10

                  a.    Plaintiff's Forum Preference......................................................10

                  b.    Defendant's Forum Preference ..................................................10

                  c.    Whether The Claim Arose Elsewhere.......................................10

                  d.    Convenience Of The Parties ......................................................11

                  e.    Convenience Of The Witnesses .................................................11

            3.    The Public-Interest Factors Weigh In Favor Of Transfer......................11

                  a.    Enforceability Of The Judgment...............................................11

                  b.    Practical Considerations That Could Make Trial
                        Easy, Expeditious, Or Inexpensive ..........................................11

                  c.    Administrative Difficulty Resulting From Court
                        Congestion .................................................................................12

                  d.    Local Interest In Deciding Local Controversies
                        At Home.....................................................................................12

                  e.    Public Policies Of The Fora......................................................12

                  f.    Familiarity With Applicable State Law In
                        Diversity Cases ..........................................................................12

      D.    Fed. R. Civ. P. 12(b)(6) Requires Dismissal, As Plaintiff Fails
            to State a Claim for Tortious Interference of an Existing
            Contract or under the Texas Declaratory Judgment Act.......................................12

1.  Plaintiff's Claim For Tortious Interference Fails
    Because He Cannot Meet All Four Elements and
    Because Defendant's Act Was Justified. ...................................................13

2.  Plaintiff's Texas Declaratory Judgment Act Claim Fails
    Because It Does Not Constitute An Independent Cause
    of Action. ...................................................................................................17

IV.  CONCLUSION..............................................................................................................18

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662, 678-679 (2009) ................................................................ 13

*Banner v. Balfour Beatty Communities LLC*,
  No. SA-21-CV-00550-XR, 2021 WL 8441918 (W.D. Tex. Nov. 15, 2021) ........................ 6, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555 (2007)................................................................... 13

*Bennett v. Computer Assocs. Int'l, Inc.*,
  932 S.W.2d 197, 202 (Tex. App.—Amarillo 1996, no writ)................................... 16

*BNSF Ry. Co. v. Tyrrell,*
  581 U.S. 402, 413, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017)....................... 7

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal*.,
  —— U.S. ——, 137 S. Ct. 1773, 1780, 198 L.Ed.2d 395 (2017)............................... 2

*Brown v. Ke-Ping Xie,*
  260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ...................... 17

*Brunson v. Williams*,
  No. SA-21-CV-00846-XR, 2022 WL 565604 (W.D. Tex. Feb. 24, 2022) ....................... 6

*Cheaton v. JP Morgan Chase Bank*,
  2012 WL 298533 (S.D. Tex) ............................................................. 17

*Cmty. Health Sys. Prof'l Services Corp. v. Hansen*,
  525 S.W.3d 671, 697 (Tex. 2017)....................................................... 15

*Cook v. Wells Fargo Bank*, N.A.,
  2010 WL 2772445, (N.D.Tex. 2010)...................................................... 17

*Daimler AG v. Bauman,*
  571 U.S. 117, 133, 134 S. Ct. 746, 758, 187 L. Ed. 2d 624 (2014)....................... 7

*El Paso Healthcare Sys., Ltd. v. Murphy*,
  518 S.W.3d 412, 421-22 (Tex. 2017) ................................................... 13

*Enter. Fin. Grp., Inc. v. NWAN, Inc.*,
  No. 3:14-CV-3378-P, 2015 WL 12743627 (N.D. Tex. May 27, 2015)......................... 13

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278, 284 (5th Cir. 1993)) ....................................................... 13

*In re Volkswagen AG*,
  371 F.3d 201, 203 (5th Cir. 2004) ...................................................... 9, 10

*Johnston v. Multidata Sys. Int'l Corp.*,
  523 F.3d 602, 609 (5th Cir. 2008) .......................................................... 7

*King v. Deutsche Bank Nat'l Tr. Co.*,
  No. A-14-CV-740-LY-ML, 2016 WL 3200214 (W.D. Tex. Feb. 23, 2016) ........... 17

*Lamont v. Vaquillas Energy Lopeno Ltd., LLP*,
  421 S.W.3d 198, 218 (Tex. App.—San Antonio 2013, pet. denied) ..................... 15

*Lightning Oil Co. v. Anadarko E & P Onshore LLC*,
  *480 S.W.3d 628 (Tex. App.—San Antonio 2015)* ...................................... 15

*Lightning Oil Co. v. Anadarko E&P Onshore, LLC*
  520 S.W.3d 39 (Tex. 2017) ................................................................. 15

*Luciano v. SprayFoamPolymers.com, LLC*,
  625 S.W.3d 1, 16 (Tex. 2021) ............................................................ 2, 7

*Murray v. Crest Const., Inc.*,
  900 S.W.2d 342, 344 (Tex. 1995) .......................................................... 15

*Pederson v. Unilever N.V.*,
  No. SA-20-CV-20-XR, 2020 WL 8408971 (W.D. Tex. Oct. 2, 2020) ............... 1, 6, 7

*ReSea Project ApS v. Restoring Integrity to the Oceans, Inc.*,
  No. SA-21-CV-1132-JKP, 2022 WL 565605 (W.D. Tex. Feb. 23, 2022) ............... 14

*Richter v. Wagner Oil Co.*,
  90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.) ........................... 16

*S. Christian Leadership Conference v. Sup. Ct. of State of La.*,
  252 F.3d 781, 786 (5th Cir. 2001) ........................................................ 13

*Sangha v. Navig8 ShipManagement Private Ltd.*,
  882 F.3d 96, 101 (5th Cir. 2018) ........................................................... 6

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*,
  99 F.3d 746, 752 (5th Cir.1996) .......................................................... 17

*Submersible Sys.,Inc. v. Perforadora Cent., S.A.*,
  249 F.3d 413, 419 (5th Cir.2001) ........................................................... 7

*Tex. Dep't of Aging & Disability Services v. Cannon*,
    453 S.W.3d 411 (Tex. 2015)...................................................................... 17

*Texas Beef Cattle Co. v. Green*,
    921 S.W.2d 203, 205-07, 211-12 (Tex. 1996) ........................................ 15

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
    No. 2:13-cv-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)........... 13

*WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.,*
    989 F.3d 343, 354 (5th Cir. 2021) ........................................................... 14

*Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*,
    982 F. Supp. 2d 714, 719 (W.D. Tex. 2013)) ............................................ 8

## STATUTES

28 U.S.C. § 1391(b) ........................................................................................ 7, 8

28 U.S.C. § 1400(b) ............................................................................................ 2

28 U.S.C. § 1404(a) ........................................................................................ 9, 10

28 U.S.C. § 1406(a) .......................................................................................... 8, 9

28 U.S.C. 1391(c) ................................................................................................ 8

TEX. CIV. PRAC & REM CODE § 15.002 .............................................................. 5

TEX. CIV. PRAC & REM CODE § 17.042(s) .......................................................... 2

## RULES

Federal Rule of Civil Procedure 12(b)(2) ............................................................ 1

Federal Rule of Civil Procedure 12(b)(3) ............................................................ 2

Federal Rule of Civil Procedure 12(b)(6) ................................................. 4, 13, 17

## I.    INTRODUCTION

Defendant Vericel Corporation ("Defendant") respectfully moves the Court to dismiss the Petition[1] in this case pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6) because: (1) there is no personal jurisdiction over Defendant in this Court; (2) venue is improper as to Defendant; (3) Plaintiff has not and cannot state a claim for tortious interference with an existing contract; and (4) Plaintiff has not and cannot state a claim for declaratory judgment under the Texas Declaratory Judgment Act ("TDJA"). Alternatively, the case should be transferred to the United States District Court for the District of Massachusetts.

Plaintiff's sole contention is that Defendant's Boston, Massachusetts-based lawyer at Goodwin Procter, LLP ("Goodwin"), copied Bioventus' Senior Vice President and General Counsel and Senior Vice President and Chief Human Resources Officer, both in North Carolina, on a cease and desist letter that Goodwin sent from Boston to Plaintiff after Defendant learned that Plaintiff downloaded and improperly transferred Defendant's confidential information, which Defendant reasonably presumed Plaintiff would use in connection with his employment with Bioventus. Petition, Dkt. No. 1-4, Ex. 3, hereafter "Letter to Willis". As Plaintiff admits in the Petition, Plaintiff was not going to be working for Bioventus in Texas; rather, he was "moving to a new state" to take the Bioventus job. Petition, ¶ 11. Accordingly, Texas has no nexus to the only tort alleged in the Petition or to the restrictive covenants that are referenced in the letter to Willis.

This case should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction. Federal courts in Texas may assert personal jurisdiction over a nonresident if (i) the Texas long-arm statute authorizes the exercise of jurisdiction and (ii) the exercise of jurisdiction is consistent with federal due-process guarantees. *Pederson v. Unilever*

---

[1] Plaintiff's Petition is included in Dkt. No. 1-4 at pages 2-41, inclusive of Exhibits to Petition, hereinafter referred to as "Petition."

*N.V.*, No. SA-20-CV-20-XR, 2020 WL 8408971, (W.D. Tex. Oct. 2, 2020). The Texas long arm statute broadly permits jurisdiction over a nonresident "doing business in the state" if the nonresident "commits a tort in whole or in part in this state." TEX. CIV. PRAC & REM CODE 17.042(s). The Texas Supreme Court has clarified that even if a defendant has purposefully availed itself of the forum state, specific jurisdiction is "prohibited if 'the *suit*' does not 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 14 (Tex. 2021) (emphasis in original) *citing Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, —— U.S. ——, 137 S. Ct. 1773, 1780, 198 L.Ed.2d 395 (2017).

Here, the sole allegation is that Defendant (located in Massachusetts) tortiously interfered with Plaintiff's prospective Tennessee-based employment with Bioventus (with an office in North Carolina)[2] when Defendant's law firm (located in Massachusetts) sent a letter from its offices in Massachusetts to Bioventus' offices in North Carolina. Not only is there no basis for finding that Defendant committed a tort at all, there is not even an allegation that any tort was committed in Texas. Thus, there is *no* relatedness between the subject of the suit and the forum.

In addition, venue in the Western District of Texas ("this District") is not proper as to Defendant because it does not "reside" in this District and does not have a "regular and established place of business" in this District. *See* 28 U.S.C. § 1400(b). Thus, the lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). Rather, Defendant "is a corporation organized and existing under the laws of Michigan with a principal place of business at

---

[2] Defendant is not asserting that Bioventus's principal place of business or state of incorporation is North Carolina, but Bioventus's offer letter to Plaintiff lists a North Carolina address, includes a North Carolina choice of law provision, includes a North Carolina venue provision. Furthermore, Bioventus and Plaintiff's Proprietary Information, Inventions, Non-Solicitation, and Non-Competition Agreement also include a North Carolina choice of law and exclusive jurisdiction and venue provision.

Massachusetts." (Notice of Removal, Dkt. No. 1, ¶ 8) and has no regular and established place of business, office, facilities or property in this District.

Further, it is uncontested that Plaintiff Justin Willis ("Plaintiff") contractually agreed that, with respect to the Vericel Corporation Agreement dated January 19, 2018, (Ex. 1 to Petition, Dkt. No. 1-4, hereafter "Agreement") between Plaintiff and Defendant, the very agreement Plaintiff relies on as the basis of this dispute, "[t]his Agreement will be deemed to be made and entered into in the Commonwealth of Massachusetts and will in all respect be interpreted, enforced and governed under the laws of the Commonwealth of Massachusetts. [Plaintiff] hereby consent[s] to personal jurisdiction of the state and federal courts situated within Massachusetts for purposes of enforcing this Agreement and waive[s] any objection [Plaintiff] might have to personal jurisdiction or venue in those courts." Petition, ¶ 9 and Agreement ¶ 17. Plaintiff even *pleads* this language in his Petition. Petition ¶ 9. Thus, venue against Defendant in this District is improper and this case should be dismissed. In the alternative, the case should be transferred to the United States District Court for the District of Massachusetts.

Plaintiff's only argument for venue in this District is that Plaintiff "was principally employed by Defendant in Bexar County, Texas" when he worked for Defendant. Petition, ¶ 4. However, Plaintiff's employment with Defendant when he lived in Texas is unrelated to the alleged acts that relate to his tort claims. Rather, the sole basis of Plaintiff's claims against Defendant is that it allegedly interfered with Plaintiff's *subsequent* employment with Bioventus, a company that issued an offer letter to Plaintiff from North Carolina. This, of course, would be after he was "principally employed" with Defendant. Plaintiff even *pleads* that his employment at Bioventus would not be in Texas, rather, he would be "moving to a new state" and his "position at Bioventus required him to work in Tennessee rather than Texas." Petition, ¶¶ 11, 13. Plaintiff's

declaratory judgment claim that "the noncompetition, non-solicitation, and confidentiality provisions that Defendant is attempting to enforce against Plaintiff are unenforceable" would also involve the application of Massachusetts law to employment extended from North Carolina for employment in Tennessee. None of this involves Texas.

Alternatively, if the Court were to find personal jurisdiction and venue over Defendant, the case should be transferred for convenience to the United States District Court for the District of Massachusetts, where venue is proper against Defendant and Plaintiff, and where Defendant maintains its principal place of business. Massachusetts is home to Defendant's witnesses and other evidence. Further, Plaintiff contractually waived any objection to venue in Massachusetts courts. Agreement, ¶17, Petition ¶ 9. The Western District of Texas, on the other hand, has no connection to the case apart from the fact that it was the district where Plaintiff currently claims to live and where he chose to file. Except for Plaintiff, not one known witness or document is in this District. As discussed below, most transfer factors support transfer. As a result, the interests of convenience and justice favor transfer if the Court finds personal jurisdiction over Defendant.

Without waiving the foregoing objections to jurisdiction and venue, Defendant also respectfully moves the Court to dismiss Plaintiff's claim for tortious interference with an existing contract and his claim under the TDJA, both under Federal Rule of Civil Procedure 12(b)(6). *See generally*, Petition. Plaintiff fails to plead any facts that could show that Defendant tortiously interfered with Plaintiff's at will employment at Bioventus merely because its Massachusetts lawyer copied Bioventus on a cease and desist letter, and his claim under TDJA asserts no

independent cause of action but seeks only a declaration of rights. *See generally*, Petition. Thus, Plaintiff's claims should be dismissed.[3]

## II.    STATEMENT OF RELEVANT FACTS

The Original Petition and Petition for Declaratory Judgment ("Petition") in this action was filed on November 2, 2022. Dkt. No. 1-4. According to the Petition, Plaintiff became employed by Defendant Vericel (a Michigan-based corporation with a principal place of business in Cambridge, Massachusetts), and entered into an agreement with Defendant containing a Massachusetts choice of law provision, in which he also consented to jurisdiction and venue in Massachusetts. According to the Petition, Plaintiff later resigned from employment with Defendant to work at Bioventus, a company who offered him employment from North Carolina. (Petition, ¶¶ 6, 9, 10, 13, and Ex. 2). As admitted in the Petition, Plaintiff's employment with Bioventus was based not in Texas but in Tennessee. Not only did Plaintiff plead he would be employed by Bioventus in Tennessee he also pled that he informed Defendant that he would be "moving to a new state." Petition, ¶¶ 11 and 13. Goodwin sent Plaintiff a cease and desist letter and copied Bioventus' Senior Vice President and General Counsel and Senior Vice President and Chief Human Resources Officer, both in North Carolina. Letter to Willis.

Plaintiff's unsupported, conclusory statement of jurisdiction and venue in his Petition alleges only that:

> Venue is appropriate in Bexar County pursuant to § 15.002 TEX.CIV. PRAC. & REM. CODE because Plaintiff was principally employed by Defendant in Bexar County, Texas.

---

[3] In the event that this Court does not dismiss this case and decides to transfer it instead, Defendant submits that it is appropriate to allow the transferee court the opportunity to rule on Defendant's motion to dismiss the tortious interference claim and the TDJA claim under Rule 12(b)(6).

### III.    LEGAL STANDARD AND ARGUMENT

### A.    This Court Lacks Personal Jurisdiction over Defendant Vericel

Personal jurisdiction here is governed by federal law. *Pederson v. Unilever N.V.*, No. SA-20-CV-20-XR, 2020 WL 8408971, at *1 (W.D. Tex. Oct. 2, 2020). Personal jurisdiction exists over an out-of-state defendant, if: "(1) the Texas long-arm statute confers such jurisdiction; and (2) the exercise of that jurisdiction comports with the Due Process Clause." *Pederson* 2020 WL 8408971, at *1.  Because the Texas long-arm statute reaches as far as the federal constitutional requirements of due process will allow, the two inquiries collapse into a single inquiry of whether the exercise of personal jurisdiction comports with due process or "would violate the U.S. Constitution." *Id*.

Due process is satisfied only if (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; **and** (2) the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Brunson v. Williams*, No. SA-21-CV-00846-XR, 2022 WL 565604, at *3 (W.D. Tex. Feb. 24, 2022) *citing Sangha v. Navig8 ShipManagement Private Ltd.,* 882 F.3d 96, 101 (5th Cir. 2018). Specific jurisdiction exists "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Brunson* 2022 WL 565604, at *3 (internal citations and quotation removed).

This Court does not have general jurisdiction over Defendant. For entity defendants, general jurisdiction exists (1) in the state of incorporation and (2) the state where it has its principal place of business. *Banner v. Balfour Beatty Communities LLC*, No. SA-21-CV-00550-XR, 2021 WL 8441918, at *2 (W.D. Tex. Nov. 15, 2021); *see also Pederson,* 2020 WL 8408971, at *2 (general jurisdiction is found when the non-resident corporation's contacts are so "continuous and

systematic as to render them essentially at home in" Texas) *(quoting BNSF Ry. Co. v. Tyrrell,* 581 U.S. 402, 413, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017)) *(quoting Daimler AG v. Bauman,* 571 U.S. 117, 133, 134 S. Ct. 746, 758, 187 L. Ed. 2d 624 n.11 (2014)).

"It is the 'exceptional case' when a nonresident corporate defendant's operations in a forum state 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Pederson v. Unilever N.V.,* No. SA-20-CV-20-XR, 2020 WL 8408971, at *2 (W.D. Tex. Oct. 2, 2020) *(quoting BNSF Ry. Co. v. Tyrrell,* at 413 (internal citation omitted). As noted by this very Court in *Pederson,* the "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Pederson v.* 2020 WL 8408971, at *2)., *(quoting Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 609 (5th Cir. 2008)) *(citing Submersible Sys.,Inc. v. Perforadora Cent., S.A.,* 249 F.3d 413, 419 (5th Cir.2001)). This is not an "exceptional case," as Defendant is not at home in Texas, and Plaintiff has not even attempted to plead otherwise. Therefore, this Court lacks general jurisdiction over Defendant.

Furthermore, this Court also lacks specific jurisdiction over Defendant. As discussed above, a *Massachusetts* company's communications through its *Massachusetts* counsel to a company's *North Carolina* general counsel about an employment relationship in *Tennessee* are insufficient to show that the Plaintiff's suit arises out of or relates to Defendant's unrelated *Texas* contacts. *Luciano v. SprayFoamPolymers.com, LLC,* 625 S.W.3d 1, 16 (Tex. 2021).

**B.      Venue is Improper and Dismissal is Appropriate**

Venue is improper in the Western District of Texas because Defendant Vericel is not a resident of Texas and none of the acts complained of occurred in the Western District of Texas. Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

An entity defendant, like Defendant Vericel, "resides in any judicial district where it is subject to the Court's personal jurisdiction with respect to the civil action in question." *Balfour Beatty Communities LLC*, 2021 WL 8441918, at *1, *citing* 28 U.S.C. 1391(c).

Once venue is challenged, the Plaintiff has the burden to demonstrate that the chosen venue is proper. *Balfour Beatty Communities LLC*, 2021 WL 8441918, at *1 (*citing Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013)). If venue is improper, then the court must dismiss the case or "if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

As Plaintiff acknowledges in the Petition, Defendant is a "foreign corporation." In fact, it "is a corporation organized and existing under the laws of Michigan with a principal place of business at Massachusetts." Notice of Removal, Dkt. No. 1, ¶ 8. Thus, venue is proper only if Defendant is subject to the Court's personal jurisdiction or "a substantial part of the events or omissions giving rise to the claim occurred" in this District. 28 U.S.C. § 1391(b). As discussed in Section A and incorporated by reference here, Defendant is not subject to the Court's personal jurisdiction.

Thus, the only remaining basis for venue is whether a substantial part of the alleged acts or omissions allegedly occurred in this District. Here, it is undisputed that **none** of the acts occurred in Texas. Plaintiff brought suit over a *Massachusetts* company's communications through its *Massachusetts* counsel to a company's *North Carolina* Senior Vice President and General Counsel and Senior Vice President and Chief Human Resources Officer, about employment with Plaintiff

in *Tennessee*. Thus, all of the acts complained of took place in a state other than Texas. None of these are acts or omissions occurred in the Western District of Texas.

    **C.**    **The Court Should, Alternatively, Transfer under 28 U.S.C. §§ 1406(a) and 1404(a) For Convenience And In The Interest Of Justice**

    Even in the unlikely event that the Court determines that it has jurisdiction over Defendant with respect to this dispute, it should nevertheless dismiss the suit or, alternatively, transfer it because venue is improper. If the Court determines that venue is improper as to Defendant, the case should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). If the Court does <u>not</u> find venue improper as to Defendant, the case should be transferred under § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The first inquiry is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Once that threshold inquiry is met, the court analyzes public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *Volkswagen*, 371 F.3d at 203.

    The private factors to be considered are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 371 F.3d at 203. The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

Applying these factors, it is clear that, should the case not be dismissed, it should be transferred to the United States District Court for the District of Massachusetts.

### 1.    Plaintiff Could Have Brought the Case in Massachusetts

The first step in the transfer analysis is to determine whether this action could have been brought in the proposed transferee venue.  28 U.S.C. § 1404(a).  *Volkswagen*, 371 F.3d at 203. Because Plaintiff expressly consented to personal jurisdiction in the state and federal courts in Massachusetts, Plaintiff could have filed suit there. Petition, ¶ 9 *and* Agreement ¶ 17.

### 2.    The Private-Interest Factors Weigh In Favor Of Transfer

An analysis of the private-interest factors shows that it would be more convenient for the parties to litigate the case in the Commonwealth of Massachusetts.

#### a.    Plaintiff's Forum Preference

The only connection the Western District of Texas has with the case is that it was Plaintiff's choice of forum.  Plaintiff expressly agreed to Massachusetts as the appropriate forum, therefore his current choice of forum should be given little weight.   Petition, ¶ 9 *and* Agreement ¶17.

#### b.    Defendant's Forum Preference

Defendant prefers to litigate this matter in the Commonwealth of Massachusetts, home to Defendant and its relevant employees.  Notice of Removal, Dkt. 1, ¶ 8. Defendant does not have offices, relevant employees, or evidence located in this District, and this District is not home to any relevant witnesses, parties, or evidence other than the Plaintiff. Furthermore, Plaintiff plead that he told Defendant he is "moving to a new state." Petition ¶ 11, 15.  This factor weighs in favor of transfer.

#### c.    Whether The Claim Arose Elsewhere

Plaintiff's claim arose, if at all, entirely outside of Texas.  This factor weighs in favor of transfer.

### d.    Convenience Of The Parties

Defendant is located in Massachusetts.  It would be much more convenient and less costly for Defendants to litigate in Massachusetts, rather than this District. This factor weighs in favor of transfer.

### e.    Convenience Of The Witnesses

The convenience-of-the-witnesses factor also weighs in favor of the Commonwealth of Massachusetts.  Keeping the case in Texas would thus require Massachusetts-based witnesses to incur personal burden, as well as significant expenses and loss in productivity.

For these reasons, the Court should weigh this factor in favor of transfer.

### 3.    The Public-Interest Factors Weigh In Favor Of Transfer

Like the private-interest factors, the public-interest factors support transfer.

### a.    Enforceability Of The Judgment

The Commonwealth of Massachusetts and this District's judgments are equally enforceable.  Thus, this factor is neutral.

### b.    Practical Considerations That Could Make Trial Easy, Expeditious, Or Inexpensive

Numerous practical considerations favor transfer.  As previously noted, venue in this District is not proper as to Defendant as it does not have the required contacts with Texas to establish specific or general jurisdiction.   Furthermore, Plaintiff has pled that he "waive[s] any objection that [he] might have to personal jurisdiction or venue" in the federal courts of the Commonwealth of Massachusetts. Petition, ¶ 9 *and* Agreement ¶ 17.  Finally, as the Agreement is deemed to be "interpreted, enforced and governed" under Massachusetts law, the federal district courts in Massachusetts will be more familiar with the governing law in the case. This factor weighs in favor of transfer.

### c.    Administrative Difficulty Resulting From Court Congestion

This factor weighs in favor of transfer. According to the Administrative Office of the U.S. Courts data for 2022, the Western District of Texas has 4,029 civil cases pending, and 6,860 criminal cases pending. *See*, data taken from spreadsheets accessible at https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables (last accessed January 14, 2023). The federal district of Massachusetts has 3,340 civil cases pending, and 1,085 criminal cases pending. *Id*.

### d.    Local Interest In Deciding Local Controversies At Home

The Commonwealth of Massachusetts has a strong interest in deciding this case.  It is where Defendant maintains its principal place of business and therefore, where most of its employees live and work. This District has no interest in this case as there is no evidence that any part of the alleged tort took place in this District, nor are there other factors that would create a local interest in deciding this case in this District.  This factor thus weighs in favor of transfer.

### e.    Public Policies Of The Fora

Defendants know of no public policy impacting the transfer analysis in this case.

### f.    Familiarity With Applicable State Law In Diversity Cases

The Agreement is governed by Massachusetts law. This factor weighs in favor of transfer.

In summary, several of the enumerated factors weigh in favor of transfer in this case and none weigh against transfer.  As such, the Court should transfer the case to the United States District Court for the District of Massachusetts.

### D.    Fed. R. Civ. P. 12(b)(6) Requires Dismissal, As Plaintiff Fails to State a Claim for Tortious Interference of an Existing Contract or Under the Texas Declaratory Judgment Act.

To state a claim upon which relief may be granted, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief'..., and a formulaic recitation of the elements of a cause of action will

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678; *see also S. Christian Leadership Conference v. Sup. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-cv-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014) (detailed factual allegations are not required, but the facts pled must, when accepted as true, state a claim for relief that is "plausible on its face," i.e., the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged; granting 12(b)(6) motion to dismiss induced infringement claims) (citing *Bell Atl. Corp.*, 550 U.S. at 570 and *Ashcroft*, 556 U.S. at 678).

Here, Plaintiff is unable to meet these requirements.

### 1.    Plaintiff's Claim For Tortious Interference Fails Because He Cannot Meet All Four Elements and Because Defendant's Act Was Justified.

A claim for tortious interference with an existing contract requires proof of four elements: (1) the existence of a contract subject to interference; (2) a "willful and intentional" act of interference; (3) harm that is the proximate result of the interference; and (4) actual damage. *Enter. Fin. Grp., Inc. v. NWAN, Inc.*, No. 3:14-CV-3378-P, 2015 WL 12743627, at *2 (N.D. Tex. May 27, 2015).

To prevail, a plaintiff must show that the interference induced a *breach* of that contract. *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421-22 (Tex. 2017) (tortious interference

with contract claim failed because no evidence third party had "an obligation to provide employment" to Plaintiff).

As the Fifth Circuit recently recognized, this means that a plaintiff is required to identify an "**obligatory provision**" of the contract that was allegedly breached. *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.,* 989 F.3d 343, 354 (5th Cir. 2021), as revised (Mar. 2, 2021) ("Accordingly, without sufficient proof that the defendant's conduct resulted in 'some obligatory provision of a contract ha[ving] been breached,' the plaintiff's tortious interference claim is infirm as a matter of law.") (internal citations omitted). Here there is no allegation that a breach even occurred, since Plaintiff's new employer, Bioventus, was not *obligated* to employ Plaintiff, as he was an "at-will" employee. Petition, Ex 2. In fact, Bioventus's offer letter to Plaintiff explicitly disclaims any such obligation: "Bioventus may terminate your employment at any time, with or without Cause, and with or without advance notice." *Id*. Thus, Plaintiff's claim for tortious interference should be dismissed. *ReSea Project ApS v. Restoring Integrity to the Oceans, Inc*., No. SA-21-CV-1132-JKP, 2022 WL 565605, at *2 (W.D. Tex. Feb. 23, 2022) ("Although both *Wickfire* and *Murphy* address the sufficiency of evidence at trial, they provide convincing authority that Texas law requires a plaintiff to allege (at the pleading stage) that defendant's conduct caused a breach of an **obligatory provision** of a contract to plausibly allege a tortious interference with an existing contract claim.") (emphasis added).

Further, Plaintiff himself admits, through inclusion of the Agreement as an Exhibit to his Petition, that he was required to notify any subsequent employers about the Agreement by providing them a copy of it. This obligation exists independently of any argument that the Agreement is not enforceable; therefore, Plaintiff cannot satisfy the required element that Defendant's action in disclosing the Agreement, the exact disclosure he himself agreed to make,

is what caused him the alleged harm at issue. Plaintiff specifically consented to the very notification he now attempts to make the basis of his claims; therefore, he cannot meet the required elements of a tortious interference claim.  Agreement, ¶15.

Further, a defendant has an affirmative defense to tortious interference with contract if it can prove that its actions were justified.  Texas law recognizes two grounds for such justification: (1) the defendant was acting pursuant to its "own legal rights" (the "legal-right defense"); or (2) the defendant had a "good-faith claim" that it was acting pursuant "to a colorable legal right, even if that belief is mistaken" (the "good-faith defense").

A defendant satisfies the legal-right defense if its interference is done "in a bona fide exercise of its own rights, or if [it] has an equal or superior right in the subject matter to that of the other party." *Murray v. Crest Const., Inc.*, 900 S.W.2d 342, 344 (Tex. 1995).  This is generally established as a matter of law "when the acts the plaintiff complains of as tortious interference are merely the defendant's exercise of its own contractual rights." *Cmty. Health Sys. Prof'l Services Corp. v. Hansen*, 525 S.W.3d 671, 697 (Tex. 2017); *see Lightning Oil Co. v. Anadarko E & P Onshore LLC*, 480 S.W.3d 628, 637 (Tex. App.—San Antonio 2015), *aff'd sub nom. Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39 (Tex. 2017) (interference with another party's contractual use of property justified where interfering party showed that its conduct was grounded in contractual right).  If the defendant establishes a legal-right defense, "the defendant's motive or good faith underlying the interference is irrelevant." *Hansen*, 525 S.W.3d at 697.

A defendant satisfies the good-faith defense if it "interfered while exercising a colorable right," and, although mistaken, it "exercised that colorable right in good faith."  *Id.*  A good-faith belief in a colorable legal right is one that is "objectively well-grounded and justifiable." *Lamont v. Vaquillas Energy Lopeno Ltd., LLP*, 421 S.W.3d 198, 218 (Tex. App.—San Antonio 2013, pet.

denied); *see Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 205-07, 211-12 (Tex. 1996) (defendant asserted colorable legal right in good faith where it sought legal title to livestock after having been informed that livestock had previously been stolen from it). Critically, the defendant's motive for asserting the non-existent right is likely irrelevant; rather, the focus is typically on whether the defendant believes in good faith in the colorable, though non-existent, legal right. *Texas Beef*, 921 S.W.2d at 211-12; *Bennett v. Computer Assocs. Int'l, Inc.*, 932 S.W.2d 197, 202 (Tex. App.—Amarillo 1996, no writ) ("[T]he Supreme Court effectively eviscerated motive from good faith and left the concept to mean something akin to having [an objectively] well-grounded and justifiable belief of a right."); *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.— San Antonio 2002, no pet.) (same).

Plaintiff's Petition lacks the factual allegations to state a claim for tortious interference and, even if the elements could be met, the uncontestable facts show that Defendant satisfies elements of an affirmative defense. The Petition is based entirely on the fact that Goodwin copied Bioventus on a letter to Plaintiff after Defendant determined that Plaintiff had improperly downloaded and transferred Defendant's confidential information on August 22, 2022, after he resigned from Defendant, which Defendant reasonably presumed Plaintiff would use in connection with his new employment with Bioventus. Letter to Willis. As Plaintiff has alleged via the exhibits to his Petition, his offer letter from Bioventus was dated August 22, 2022, and he began work for that company on September 6, 2022, 6 days *before* his last day of employment with Defendant, which was September 12, 2022. Petition ¶ 10, Exhibits 2 and 3. The Petition fails to adequately plead facts showing tortious interference and furthermore, includes facts that establish an affirmative defense by Defendant. Defendant's lawyers wrote a straightforward and accurate letter about Plaintiff's misconduct, sent it to Plaintiff and copied Bioventus, providing a copy of the Agreement

as Plaintiff himself agreed to do. The tortious interference claim is therefore deficient on its face and must be dismissed.

**2.    Plaintiff's Texas Declaratory Judgment Act Claim Fails Because it Does Not Constitute An Independent Cause of Action.**

Plaintiff's request for declaratory relief under the TDJA should likewise be dismissed under Fed. R. Civ. P. 12(b)(6). The TDJA is remedial only and "does not create any substantive rights or causes of action." *Cheaton v. JP Morgan Chase Bank*, 2012 WL 298533 (S.D. Tex) *citing Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 752 n. 3 (5th Cir.1996). Here, Plaintiff has asserted no independent cause of action but seeks only a declaration of rights. Plaintiff's purported cause of action under the TDJA should therefore be dismissed. *Cheaton*, at *2 ("Because neither the Texas Declaratory Judgment Act nor an appeal to the Court's equitable power to afford injunctive relief can form the basis of an independent cause of action, the Court grants Chase's motion to dismiss"). Likewise, under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D.Tex. 2010) *citing Brown v. Ke-Ping* Xie, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.), *disapproved of on other grounds by Tex. Dep't of Aging & Disability Services v. Cannon*, 453 S.W.3d 411 (Tex. 2015); *King v. Deutsche Bank Nat'l Tr. Co.*, No. A-14-CV-740-LY-ML, 2016 WL 3200214, at *16 (W.D. Tex. Feb. 23, 2016), report and recommendation adopted in part, rejected in part, No. 1:14-CV-0740-LY, 2016 WL 3221172 (W.D. Tex. Apr. 12, 2016) ("A declaratory judgment is dependent on the assertion of viable underlying causes of action.").

Further, the uncontested facts demonstrate that the State of Texas has no interest in Plaintiff's contract with his Massachusetts-based former employer, which is governed by Massachusetts law.

## IV.    CONCLUSION

Wherefore, Defendant respectfully requests that the Court dismiss this case or, in the alternative, transfer it to the United States District Court for the District of Massachusetts. Furthermore, because Plaintiff was provided advance notice of the facts supporting venue outside this District through his counsel and further refused to voluntarily dismiss and transfer this action, Plaintiff should pay Defendant's attorney's fees incurred in bringing this motion. Defendant seeks all other relief to which it may be entitled.

Respectfully submitted,

BOULETTE GOLDEN & MARIN L.L.P.

By: /s/Laura M. Merritt
Laura M. Merritt
State Bar No. 00791252
laura@boulettegolden.com
Steven H. Garrett
State Bar No. 24073473
steven@boulettegolden.com

BOULETTE GOLDEN & MARIN L.L.P.
2700 Via Fortuna, Suite 250
Austin, Texas 78746
Tel: 512.732.8900
Fax: 512.551.9602

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 18, 2022, a true and correct copy of the above

and foregoing document was served on the following via ECF:

Gregg M. Rosenberg
State Bar No. 17268750
gregg@rosenberglaw.com
ROSENBERG & ASSOCIATES
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 Facsimile
ATTORNEY FOR PLAINTIFF

/s/Steven H. Garrett
Counsel for Defendant